UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IMHOTEP H'SHAKA, (fka)
COREY HEATH,

                      Petitioner,

                06 Cv. 00101 (CLB)

       - against -

***Memorandum and Order***

JAMES CONWAY,

                      Respondent.
-------------------------------------------------------x
Brieant, J.

      By motion (Doc. 5) filed on April 7, 2006 returnable May 19, 2006, the State of New York Attorney General moves to dismiss this Petition under 28 U.S.C. § 2254. No opposition papers have been received allowing an extension of time granted to Petitioner which expired May 12, 2006. The following facts appear of record.

      On July 18, 1991, a judgment of conviction entered against the Petitioner in New York State County Court, Westchester County, after a jury found him guilty of Murder in the Second Degree (New York Penal Law § 125.25) and Criminal Possession of a Weapon in the Second Degree (New York Penal Law § 265.03). Petitioner was sentenced to prison terms totaling thirty-seven years to life. On May 8, 1995, the Appellate Division, Second Department, affirmed Petitioner's judgment of conviction; the Court of Appeals denied Petitioner's application for leave to appeal. Petitioner is currently incarcerated pursuant to the judgment of conviction.

      On January 14, 1996, while Petitioner was confined in Coxsackie Correctional Facility in

1

Greene County, another inmate gave Petitioner a razor, concealed in a pack of cigarettes. Petitioner used this razor to slash a Corrections Officer, and fought with other officers who tried subsequently to remove him from his cell. Petitioner was charged with violating prison disciplinary rules, and was later found guilty. The Petitioner was then confined to the special housing unit for ten years.[1]

*Article 78 Proceeding:*

Petitioner filed a petition pursuant to C.P.L.R. Article 78, to review four determinations by the New York State Department of Correctional Services ("DOCS") that found Petitioner in violation of prison disciplinary rules. Petitioner claimed that a hearing officer abused his discretion by refusing to grant an adjournment on the basis of Petitioner's medical complaints and that the hearing officer was biased.

On December 4, 1997, the Appellate Division, Third Department, rejected Petitioner's claims and confirmed the determinations of the Department of Correctional Services. The Court found no merit to Petitioner's assertion that the Hearing Officer had abused his discretion by refusing to grant an adjournment on the basis of Petitioner's medical complaints. With respect to

---

[1] Also as a result of these acts, Petitioner was convicted of Promiting Prison Contraband in the First Degree (Penal Law § 205.25), and Assault in the First Degree (Penal Law § 120.10). On December 8, 2005, the Appellate Division, Third Department, reversed the conviction for Promoting Prison Contraband and ordered a new trial because the trial court erred in denying a challenge for cause to a prospective juror who stated that she was not impartial. The Appellate Division affirmed the remainder of Petitioner's conviction, and he is not challenging that conviction in this habeas petition.

two of the hearings, the Hearing Officer granted adjournment requests, in a third hearing, the Hearing Officer reopened the case and permitted Petitioner to present additional evidence, and in the fourth hearing, a five-day adjournment was granted. The Court also rejected the claim that the Hearing Officer was biased, and concluded that the Petitioner failed to submit any proof that the outcomes of the hearings were affected by bias. The Court also noted that there was substantial evidence of Petitioner's guilt, including the misbehavior reports and corroborating testimony of various eyewitnesses. Inconsistencies between Petitioner's testimony and the Correction Officers' simply created a credibility issue, which the hearing officer could resolve properly against the Petitioner.

*Second Litigation*

In 2002, Petitioner filed a claim pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of New York, claiming that the Corrections Officers at Coxsackie Correctional Facility used excessive force against his person, failed to protect him, and demonstrated deliberate indifference to his serious medical needs. In that case, Defendants (in a motion and supplemental motion) moved for summary judgment on all claims. The Petitioner cross-moved for summary judgment on all claims and also for appointment of counsel. Chief Judge Scullin ordered that Defendants' motion for partial summary judgment with respect to the deliberate indifference claims was granted, that Defendants' motion for partial summary judgment with respect to Defendant Saddlemire's counterclaim for battery was denied as moot, that Defendants' supplemental motion for summary judgment was denied, and that Plaintiff's cross-motion for summary judgment was denied in its entirety. Chief Judge Scullin further

ordered that the four "John Doe" Defendants were dismissed from the case, and ordered the parties to await instructions from the Court regarding the scheduling of a trial date. Apparently, the case remains unresolved, but this is unclear.

Petitioner now claims that in 2000, during discovery proceedings, he received documents in which Jose Pico, the Hearing Officer who presided over his prison disciplinary proceeding, formed an opinion about Petitioner's guilt prior to Petitioner's hearing. Petitioner contended that Pico told Spencer, "you are as guilty as your accomplice in the way this weapon was used." *See Exhibit C* at I. Petitioner contended: that he filed an administrative appeal with the Department of Correctional Service, and the determination of the Hearing Officer was affirmed. On April 3, 2003, he filed an Article 78 proceeding in the Dutchess County Supreme Court to challenge the February 21, 2001 determination, but that determination was dismissed as untimely and as barred by res judicata. Petitioner attempted to appeal this decision to Appellate Division, Second Department, and contends that the Appellate Division refused to hear his appeal because he did not pay the $315.00 filing fee (his application for poor person relief was denied). Petitioner then sought permission to appeal to the Court of Appeals, but that application was denied on December 21, 2004.

On December 16, 2005, Petitioner filed this Petition in the Southern District of New York, again citing bias on the part of Hearing Officer Pico. He does not challenge the fact or length of his sentence imposed for the murder conviction; he challenges the Hearing Officer's determination that he violated prison disciplinary rules, which ordered him confined to a special

housing unit for ten years. Because this claim is not cognizable under federal habeas corpus, this action is properly dismissed.

Federal habeas corpus review must be predicated on a claim that the prisoner's custody violates the United States Constitution. 28 U.S.C. § 2254(a); *Wainwright v. Goode*, 464 U.S. 78, 83-84 (1983), *rehearing denied*, 423 U.S. 1092 (1984); *Rose v. Hodges*, 423 U.S. 19, 21 (1975), *rehearing denied*, 423 U.S. 1092 (1976). This is not the case here. Petitioner's claim only concerns the condition of his confinement–his placement in the special housing unit–and is therefore outside of the scope of habeas relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Although *Encarnacion v. McGinnis*, 2005 U.S. Dist LEXIS 27326 (W.D.N.Y. 2005) (Siragusa, J) appears to hold otherwise, as the Attorney General correctly points out, that case did not address, nor distinguish, *Preiser v. Rodriguez*, 411 U.S. at 475, or any of the many subsequent cases which clearly prohibit litigating prison disciplinary issues in federal habeas litigation.

In any event, Petitioner's claims in this action are barred procedurally from habeas review. A federal habeas court lacks jurisdiction to review a claim when the state court's prior resolution of that claim rests on a "state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see also Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005). The Dutchess County Supreme Court Article 78 petition filed April 3, 2003 was dismissed on an adequate state law ground.

5

**Conclusion**

For the foregoing reasons, Defendant's motion is granted (Doc. 5). The Clerk shall file a final judgment.

X

    X

        X

           X

              X

                X

                  X

SO ORDERED.

Dated: White Plains, New York
        May 22, 2006

_____
Charles L. Brieant, U.S.D.J.

-

SO ORDERED.

Dated: White Plains, New York
       May 22, 2006

_____
Charles L. Brieant, U.S.D.J.